UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN LENFEST, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VERIZON ENTERPRISE SOLUTIONS, LLC,<br><br>Defendant. | C.A. No: 1:13-cv-11596-NMG<br><br>**FILED BY CONSENT AS PER STIPULATION AND ORDER ENTERED SEPTEMBER 6, 2013** |

### FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff, Brian Lenfest ("Plaintiff"), by and through his undersigned counsel of record, on behalf of himself and all others similarly situated, submits the following first amended class action complaint against Defendant Verizon Enterprise Solutions, LLC ("Verizon" or "Defendant"), and based upon personal knowledge as to his own acts and circumstances and based upon information and belief as to all other matters, alleges as follows.

### I.  SUMMARY OF THE ACTION

1. Plaintiff brings this action for redress of the unlawful practice of Verizon of charging unauthorized minimum monthly account fees for long distance service to Verizon landline customers. This practice, which has affected Plaintiff and members of the Class, as described and defined herein, violates G. L. c. 93A, § 2.

2. Plaintiff, on behalf of himself and the Class, seeks damages and injunctive relief for violation of c. 93A, § 2 and/or restitution of amounts unlawfully charged and unjustly retained by Defendant as a result of the practices described herein. Plaintiff brings this action as a class action on behalf of himself and a class comprised of all persons and entities who have

1

paid minimum monthly long distance account fees to Verizon in Massachusetts during the period from July 3, 2009 through the date of judgment (the "Class Period").

## II. THE PARTIES

3. Plaintiff is an individual with a place of business in Boston, Suffolk County, Massachusetts. Plaintiff obtained landline services for his business from Verizon. Plaintiff has been a subscriber of Verizon's landline telephone services since approximately 2005. During the Class Period, Plaintiff has been charged, and has paid, a minimum monthly fee for long distance service; that is, he was charged for *not* using long distance service. These minimum monthly charges were identified on Plaintiff's statements as a "VES FirmRate Advantage Shortfall Charge" and were in addition to the standard voice-services charge paid by Plaintiff and the actual long distance charges Plaintiff paid for his use of long distance services. Plaintiff was also double billed, and paid for, long distance, as described below, and in at least one month was charged for, and paid, an unexplained shortfall charge of $45.00.

4. Defendant is a limited liability company, organized under the laws of Delaware with its principal place of business at One Verizon Way, Basking Ridge, New Jersey. *See* 28 U.S.C. § 1332(d)(10). Defendant provides long distance telephone service to Plaintiff and other Class members and has provided such service to Plaintiff and other Class members throughout the Class period.

## III. JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), because Plaintiff and Defendant are diverse, there are more than 100 Class members and the amount in controversy exceeds the sum of $5 million.

6. This Court has personal jurisdiction over Defendant pursuant to G.L. c. 223A, § 3(a) because: a) Defendant regularly transacts and has transacted business in the Commonwealth of Massachusetts by selling products and services to Massachusetts customers; b) Defendant has committed torts within the Commonwealth of Massachusetts; c) Defendant solicits business within the Commonwealth of Massachusetts; and d) the acts or conduct that are the subject matter of this action arose from Defendant's transaction of business in Massachusetts.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because the events or omissions complained of herein took place, in all or substantial part, in this District.

### IV. FACTUAL ALLEGATIONS

8. During the Class Period, Verizon has been charging its landline telephone customers minimum monthly fees for long distance service in an unfair and deceptive manner.

9. These fees have been identified by various names (on Verizon's bills, on Verizon's webpages, and in other sources and materials), including the following:

- "Monthly minimum charge for long distance"
- "Minimum Monthly Spend Levels"
- "Minimum Spend Levels" or "MSL"
- "Minimum Monthly Charge" or "MMC"
- "VES FirmRate Advantage Shortfall Charge"
- "Minimum Spend Levels (COMM)"

These fees, regardless of the name applied to them by Verizon, will be referred to herein as the "Minimum Monthly Charge" or "MMC."

10. Verizon Landline subscribers receive no advance disclosure or notice of the MMC prior to the time that they order and agree to receive and pay for landline service from

3

Verizon.

11. Verizon landline subscribers do not agree in advance to pay the MMC.

12. The MMC ensures that Verizon will receive a minimum amount each month for long distance charges from its landline subscribers, whether the subscribers use long distance service during that billing period or not. In other words, Verizon is charging consumers for *not* using a service. This charge is in addition to the $19.99 per month that Plaintiff paid for voice services.

13. While the MMC is a minimum charge for long distance service, it is not a fixed charge. That is, if Plaintiff's and/or an individual Class member's actual long distance charges for any given billing period exceed the MMC amount, then they will be billed for the actual amount of the charges.

14. Further, the description of the "VES FirmRate Advantage Shortfall Charge" on Plaintiff's statements represents that the shortfall charge will be the difference between the actual long distance charges and the $10.00 minimum level. In its description of the shortfall charge on its statements, Verizon states, "When long distance charges are less than $10.00, the shortfall charge will be the difference between those charges and $10.00. All long distance charges except for taxes and surcharges are included." However, as indicated by the manner in which Plaintiff was billed for long distance services, that statement was false. For at least several of Plaintiff's billing periods, Plaintiff's actual long distance charges were not deducted from the $10.00 MMC, as represented in the description. Instead, Plaintiff was charged the full $10.00 MMC, plus the amount of his actual long distance charges. Thus, Verizon not only unfairly charged Plaintiff the MMC on top of his monthly flat landline fee and the per-minute charges for long distance actually used by Plaintiff, and failed to properly disclose the MMC to

Plaintiff ahead of billing him for it, but it also billed the MMC in a manner that was inconsistent with its description of the MMC on its billing statements. For example, Plaintiff was double charged as follows:

(a) Plaintiff, in his statement for April 9, 2012 to May 8, 2012, was charged a $10 MMC plus $4.08 for long distance actually used. Plaintiff paid these charges;

(b) Plaintiff, in his statement for February 9, 2012 to March 8, 2012, was charged a $10 MMC plus $2.95 for long distance actually used. Plaintiff paid these charges;

(c) Plaintiff, in his statement for September 9, 2011 to October 8, 2011 was charged a $10 MMC plus $0.32 for long distance actually used. Plaintiff paid these charges.

15. The MMC is not part of Verizon's rate for long distance service, nor does it form a part of Verizon's rate structure. The MMC is not a fee for service, as it is not paid in exchange for any service provided by Verizon. In fact, it is paid in exchange for **not** providing a service.

16. Plaintiff has had a landline account with Verizon since approximately 2005. During the Class Period, Verizon began charging Plaintiff a recurring fee (the MMC) which he did not agree to in advance, and which was not previously disclosed to him. The Monthly Minimum Charge assessed to and paid by Plaintiff is $10.00, and that MMC was assessed to and paid by Plaintiff for at least nine months during the Class Period. In addition, for example, in his statement for January 9, 2012 to February 8, 2012, Plaintiff was assessed a separate charge labeled "VES FirmRate Advantage Calling Plan N Shortfall Charge" in the sum of $45.00, which he paid, in addition to the $10.00 MMC also charged and paid for that month. The $45.00 shortfall charge was never explained.

17. In addition to the MMC, the double billing, and additional shortfall charge,

Plaintiff was charged taxes, fees and surcharges in amounts that were based at least in part on the amount of the bill—including the aforementioned improper charges. To the extent that taxes, governmental surcharges and fees were assessed as a result of these other improper charges, any such amounts should be refunded to Plaintiff.

18. Plaintiff and Class members have been injured monetarily by Verizon's unfair and deceptive practices in imposing and collecting the MMC.

## V. CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action on behalf of himself and as a class action, pursuant to the provisions of Rules 23(a) and (b) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> All persons and entities who have paid Minimum Monthly Charges to Verizon in Massachusetts during the period from July 3, 2009 through the date of judgment (the "Class").

20. Excluded from the Class are Defendant and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof. Plaintiff reserves the right to modify or amend the Class definition, as appropriate. Certification of Plaintiff's claims for classwide treatment is appropriate because Plaintiff can prove the elements of his claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

21. Numerosity – Fed. R. Civ. P. 23(a)(1). The Class is so numerous that individual joinder of all Class members is impracticable. Plaintiff is informed and believes that there are at least hundreds, if not thousands of Class members. The precise number of Class members and their addresses are unknown to Plaintiff, but may be ascertained from Defendant's books and

records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

22. Commonality and Predominance – Fed. R. Civ. P. 23(a)(2) and 23(b). This action involves common questions of law and fact, which predominate over any questions affecting only individual Class members. All Class members were subject to the same business practices complained of, the imposition and collection of Minimum Monthly Charges on their Verizon landline accounts. Furthermore, common questions of law and fact include, but are not limited to:

a. Whether Defendant has been unjustly enriched as a result of the conduct complained of herein;

b. Whether Defendant's conduct as alleged herein constitutes unfair and deceptive acts or practices in violation of c. 93A, § 2;

c. Whether Plaintiff and Class members have been injured by Defendant's unfair and deceptive acts or practices;

d. Whether Plaintiff and Class members have lost money or property as a result of Defendant's unfair or deceptive acts or practices;

e. Whether Defendant's violation of c. 93A, § 2 was willful and knowing;

f. Whether the actions and transactions constituting the unfair and deceptive acts and practices occurred primarily and substantially within the Commonwealth of Massachusetts;

g. Whether Plaintiff and Class members are entitled to damages and if so, in what amount;

h. Whether Plaintiff and the other members of the Class are entitled to restitution and, if so, in what amount; and

i. Whether Plaintiff and the other members of the Class are entitled to equitable relief, including but not limited to injunctive or declaratory relief.

23. Typicality – Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of the claims of the other members of the Class because, among other things, all Class members were comparably injured through the uniform misconduct described herein and all Class members have the same claim, *i.e.*, that Defendant's imposition and collection of Minimum Monthly Charges on their Verizon landline accounts constituted unfair and deceptive acts and practices in violation of c. 93A § 2.

24. Adequacy of Representation – Fed. R. Civ. P. 23(a)(4). Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the other members of the Class he seeks to represent; he has retained counsel competent and experienced in class action litigation; and Plaintiff intends to prosecute this action vigorously. The Class's interests will be fairly and adequately protected by Plaintiff and his counsel.

25. Superiority – Fed. R. Civ. P. 23(b). A class action is superior to any other available methods for fairly and efficiently adjudicating this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other members of the Class are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for Class members to individually seek redress for Defendant's wrongful conduct. Even if the Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for

inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI. CLAIMS FOR RELIEF

## COUNT I

**(Unfair and Deceptive Business Practices
G. L., c. 93A, §§ 2 and 9)**

26. Plaintiff realleges and incorporates the allegations in the preceding paragraphs as if set forth at length here.

27. This claim is brought by Plaintiff on behalf of those members of the Class who are "person[s] who are [not] entitled to bring an action under [c. 93A § 11]," within the meaning of those words as used in c. 93A § 9.

28. At all relevant times, Defendant was engaged in commerce for purposes of G. L. c. 93A.

29. G. L. c. 93A, § 2 provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." G. L. c. 93A, § 9 permits any consumer injured by a violation of c. 93A, § 2 to bring a civil action, including a class action, for damages and injunctive relief.

30. Verizon has engaged in unfair and deceptive acts and practices by unfairly imposing an arbitrary fee or charge (the MMC) on its landline subscribers while failing to disclose the practice in advance and failing to obtain the customer's agreement to pay these charges, and by billing Plaintiff and Class members for the MMC in a manner inconsistent with its description of the MMC on its customer statements.

9

31. The MMC is a charge that Plaintiff and other Class members did not agree to pay. The MMC, in addition to the disclosure issues, is an unreasonable fee as it does not represent a payment for any service provided by Verizon to subscribers, while at the same time guaranteeing a monthly revenue stream to Verizon from its landline subscribers. Indeed, the MMC is a charge for services that are not rendered, and is in addition to per-minute long distance charges for services that are rendered.

32. Verizon's conduct of charging an undisclosed fee for services not rendered is unethical, oppressive and unscrupulous.

33. Plaintiff, as well as the other members of the Class, have been injured as a result of Defendant's use and/or employment of unfair and deceptive acts and practices in that they have paid arbitrary and unreasonable MMC charges that were not properly disclosed to them and which they did not agree to pay.

34. On April 5, 2013, Plaintiff made a demand for relief, in writing, to Defendant, as required by G. L. c. 93A, § 9(3). The demand letter explained in detail the nature of the unfair and deceptive acts or practices and the injuries suffered by Plaintiff and the Class, as well as demanding compensation for those injuries and other relief. Defendant has failed to tender a reasonable offer of relief in response to Plaintiff's written demand. A copy of the demand letter is annexed hereto as Exhibit A.

35. Defendants' unfair and deceptive acts or practices, as alleged herein, were willful or knowing violations of M.G.L. c. 93A, § 2, within the meaning of M.G.L. c. 93A, § 9(3).

36. Based on the foregoing, members of the Class not entitled to bring a claim under c. 93A § 11 are entitled to all remedies available pursuant to c. 93A, §9, including, but not

limited to actual damages, statutory damages (to the extent that they are greater than actual damages), double or treble damages, injunctive relief, attorneys' fees and other reasonable costs.

**COUNT II**

**(Unfair and Deceptive Business Practices
G. L., c. 93A, §§ 2 and 11)**

37. Plaintiff realleges and incorporates the allegations in the preceding paragraphs as if set forth at length here.

38. This claim is brought by Plaintiff individually and on behalf of those members of the Class who are "person[s] who engage[d] in the conduct of any trade or commerce" within the meaning of those words as used in c. 93A § 11.

39. At all relevant times, Plaintiff engaged in the conduct of trade or commerce with respect to his Verizon landline account.

40. At all relevant times, Defendant was engaged in commerce for purposes of G. L. c. 93A.

41. G. L. c. 93A, § 2 provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." G. L. c. 93A, § 11 permits any person who engages in the conduct of any trade or commerce and who suffers a loss of money or property as a result of a violation of c. 93A, § 2 to bring a civil action, including a class action, for damages and injunctive relief.

42. Verizon has engaged in unfair and deceptive acts and practices by unfairly imposing an arbitrary fee or charge (the MMC) on its landline subscribers while failing to disclose the practice in advance and failing to obtain the customer's agreement to pay these

charges, and by billing Plaintiff and Class members for the MMC in a manner inconsistent with the description of the MMC on its customer statements.

43. The MMC is a charge that Plaintiff and other Class members did not agree to pay. The MMC, in addition to the disclosure issues, is an unreasonable fee as it does not represent a payment for any service provided by Verizon to subscribers, while at the same time guaranteeing a monthly revenue stream to Verizon from its landline subscribers. Indeed, the MMC is a charge for services that are not rendered.

44. Verizon's conduct of charging an undisclosed fee for services not rendered is unethical, oppressive and unscrupulous.

45. Plaintiff, as well as the other members of the Class, have lost money or property as a result of Defendant's use and/or employment of unfair and deceptive acts and practices in that they have paid arbitrary and unreasonable MMC charges that were not properly disclosed to them and which they did not agree to pay.

46. Defendant's unfair and deceptive acts or practices, as alleged herein, were willful or knowing violations of M.G.L. c. 93A, § 2, within the meaning of M.G.L. c. 93A, § 11. Based on the foregoing, Plaintiff and the other members of the Class are entitled to all remedies available pursuant to c. 93A, §11, including, but not limited to actual damages, double or treble damages, injunctive relief, attorneys fees and other reasonable costs.

47. The actions and transactions constituting the unfair and deceptive acts or practices alleged herein occurred primarily and substantially within the Commonwealth of Massachusetts.

## COUNT II

**(Unjust Enrichment)**

48. Plaintiff realleges and incorporates the allegations in the preceding paragraphs as if set forth at length here.

49. Plaintiff and the other Class members conferred a benefit upon Defendant, in the form of the money provided to Defendant resulting from the unfair and deceptive billing practices described herein and the collection of Minimum Monthly Charges.

50. Defendant's acceptance or retention of these benefits is inequitable under the circumstances outlined above and entitles Plaintiff and Class members to restitution or such other compensation as is appropriate in the circumstances.

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Class, respectfully requests that the Court order the following relief:

A. An Order certifying the Class as requested herein;

B. An Order awarding actual damages or statutory damages in the sum of $25 per violation, whichever is greater;

C. An Order awarding double or treble damages;

D. An Order awarding restitution to Plaintiff and the other members of the Class;

E. An Order enjoining Defendant from continuing to engage in the unfair and deceptive acts or practices alleged;

F. An Order awarding attorneys' fees and costs to Plaintiff and the Class; and

G. Such other and further relief as may be just and proper in the circumstances.

## III. JURY DEMAND

Plaintiff demands a trial by jury of all claims in this Complaint so triable.

Dated:  September 11, 2013                                Respectfully submitted,


**PASTOR LAW OFFICE, LLP**

/s/ David Pastor_____
David Pastor (BBO # 391000)
63 Atlantic Avenue, 3d Floor
Boston, Massachusetts  02110
Telephone:  617-742-9700
Facsimile:  617-742-9701
dpastor@pastorlawoffice.com


**MILBERG, LLP**

/s/ Jennifer L. Young_____
Jennifer L. Young (*pro hac vice)*
Joshua E. Keller (*pro hac vice*)
One Pennsylvania Plaza, 49th Fl.
New York, NY 10119-0165
Telephone: 646-733-5718
Facsimile:  212-504-9581
jyoung@milberg.com
jkeller@milberg.com

**LEONARD LAW OFFICE, LLP**

/s/ Preston W. Leonard_____
Preston W. Leonard (BBO # 680991)
139 Charles Street, Suite A121
Boston, MA 02114
Telephone:  617-595-3640
pleonard@theleonardlawoffice.com


*Counsel for Plaintiff and the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 11, 2013.

Defendant, Verizon Enterprise Solutions, LLC ("VES"), has appeared in this action, as evidenced by a Stipulation of Voluntary Dismissal Without Prejudice and Consent to Substitution of Party By Amended Complaint, filed on September 4, 2013, and as part of that Stipulation, counsel for VES has agreed to accept service of this Amended Complaint by electronic mail. Accordingly, I hereby certify that a copy of this Amended Complaint has been served on September 11, 2013 via electronic mail on counsel for VES as follows:

William A. Worth
Prince Lobel Tye, LLP
100 Cambridge Street, Suite 2200
Boston, MA 02114
Email: wworth@princelobel.com

Andrew G. McBride
Wiley Rein, LLP
1776 K Street NW
Washington, DC 20006
Email: amcbride@wileyrein.com


/s/ David Pastor
David Pastor