United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| BRIAN LENFEST, individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 13-11596-NMG |
| v. | ) ) | |
| VERIZON ENTERPRISE SOLUTIONS, LLC, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case involves a putative class action brought by Brian Lenfest ("Lenfest"), who claims that defendant Verizon Enterprise Solutions, LLC ("Verizon") violated the Massachusetts Consumer Protection Act, M.G.L. c. 93A, and was unjustly enriched by failing to disclose minimum monthly charges for long distance telephone service.

Pending before the Court is defendant's motion to strike and request for leave to file a bill of costs. For the reasons that follow, the Court will allow, in part, and deny, in part, Verizon's motion.

**I.   Procedural History**

On September 29, 2014, this Court issued a Memorandum & Order that allowed Verizon's motion to compel arbitration. The

case was stayed pending arbitration and the parties were instructed to submit a joint status report with respect to the progress of the arbitration proceeding on March 31, 2015 and every six months thereafter.

On December 11, 2014, 74 days after this Court compelled arbitration, Lenfest filed a notice of voluntary dismissal. Lenfest stated that, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), he was dismissing the action with prejudice and without costs to either party. He also noted that "[t]he purpose of this dismissal is so that Plaintiff can seek immediate review" of the September, 2014 Order compelling arbitration.

The following day, Verizon requested that the Court defer from entering the dismissal to give it time to file a response to Lenfest's notice of voluntary dismissal.

On December 19, 2014, Verizon filed a motion (1) seeking to strike the portion of plaintiff's notice of voluntary dismissal that purports to authorize his right to seek immediate review of this Court's Order compelling arbitration and (2) requesting leave to file a bill of costs pursuant to Fed. R. Civ. P. 54(d)(1).

## II. Motion to Strike

In support of its motion to strike, Verizon argues that Lenfest's notice of voluntary dismissal is legally flawed and cannot authorize an appeal of this Court's decision to compel

arbitration and stay the case. Verizon asserts that plaintiff is attempting to evade the statutory prohibition on interlocutory appeals of stay orders set forth in the Federal Arbitration Act ("FAA"). See 9 U.S.C. § 16(b)(1). Moreover, defendant contends that the First Circuit's "narrow exception" to the general rule that an interlocutory order cannot be appealed, established in John's Insulation, Inc. v. L. Addison & Assocs., Inc., 156 F.3d 101, 107 (1st Cir. 1998), is inapplicable here.

Lenfest responds that Verizon's motion to strike is improper under Fed. R. Civ. 12(f) because his own notice of voluntary dismissal is not a "pleading." Moreover, plaintiff contends that he is entitled to an immediate appeal of the Court's September, 2014 Order for two reasons. Rather than violating the FAA's ban on interlocutory appeals, he asserts that (1) once his voluntary dismissal is entered it becomes a final decision appealable pursuant to 9 U.S.C. § 16(a)(3) and (2) the form of his notice of voluntary dismissal satisfies the exception created by the First Circuit that entitles a party to seek review of an otherwise non-appealable interlocutory order so long as certain requirements are met.

**A.   Analysis**

Lenfest filed his notice of voluntary dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), which

-3-

allows a plaintiff to dismiss an action without a court order so long as the opposing party has yet to file an answer or a motion for summary judgment. Here, Verizon had filed neither and thus Lenfest's notice of voluntary dismissal is permitted as of right. Universidad Cent. Del Caribe, Inc. v. Liaison Comm. on Med. Educ., 760 F.2d 14, 19 (1st Cir. 1985). The dismissal automatically became effective upon the filing of the notice. Jones, Blechman, Woltz & Kelly, PC v. Babakaeva, 375 F. App'x 349, 350 (4th Cir. 2010).

In fact, Verizon does not contend that Lenfest failed to meet the requirements of Fed. R. Civ. P. 41(a)(1)(A)(i). Instead, it argues that before entering the requested dismissal, the Court should strike the language from Lenfest's notice that he is dismissing the action with prejudice in order to seek immediate review of this Court's Order compelling arbitration.

This Court is not, however, authorized to strike language from a notice of voluntary dismissal. A motion to strike is brought pursuant to Fed. R. Civ. P. 12(f), which permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The First Circuit Court of Appeals has held that Fed. R. Civ. P. 12(f) applies only to "pleadings." Pilgrim v. Trs. of Tufts Coll., 118 F.3d 864, 868 (1st Cir. 1997), abrogated on other grounds by Crowley v. L.L. Bean, Inc., 303 F.3d 387 (1st Cir.

2002). Pleadings, moreover, are strictly defined by Fed. R. Civ. P. 7(a) and do not encompass a plaintiff's notice of voluntary dismissal.

The Court sees no reason to stray from the plain language of Fed. R. Civ. P. 12(f), which explicitly limits a motion to strike particular material to only those filings properly defined as "pleadings." Accordingly, Verizon's motion to strike is inapt and will be denied. See Naegele v. Albers, 355 F. Supp. 2d 129, 142-43 (D.D.C. 2005). But see NRDC v. FDA, 884 F. Supp. 2d 108, 115 n.5 (S.D.N.Y. 2010).

The Court's holding effectively forecloses any necessity to address the merits of Verizon's motion to strike. Nevertheless, the Court proffers two observations thereon.

First, Verizon contends that enabling Lenfest to appeal the Court's Order would permit an "end run" around the FAA's prohibition of interlocutory appeals of orders staying a case pending arbitration. Verizon overlooks, however, that the Court could have opted to compel arbitration and simultaneously dismiss the suit outright. Such a decision would have been a "final decision with respect to an arbitration" immediately appealable under 9 U.S.C. § 16(a)(3). See Dialysis Access Ctr., LLC v. RMS Lifeline, Inc., 638 F.3d 367, 372-73 (1st Cir. 2011); Green Tree Fin. Corp. v. Randolph, 531 U.S. 79, 86-87 (2000). Plaintiff's decision to dismiss his suit voluntarily in order to

seek review of the Court's ruling to stay the case pending arbitration accomplishes the same thing, i.e., once the voluntary dismissal is entered, a final judgment with respect to arbitration exists and an appeal is no longer barred under § 16(b). See Dialysis Access, 638 F.3d at 373.

Second, and more importantly, Lenfest's delay of more than two months to file his notice of voluntary dismissal runs afoul of the First Circuit's established procedure for appealing an interlocutory order. In the John's Insulation decision, the First Circuit held that "the proper way to appeal an interlocutory order is to move for a voluntary dismissal with prejudice." 156 F.3d at 107. Moreover, the First Circuit requires that the party (1) must explicitly state "that the purpose is to seek immediate review of the interlocutory order in question" and (2) must file immediately. Scanlon v. M.V. SUPER SERVANT 3, 429 F.3d 6, 10 (1st Cir. 2005) (citing John's Insulation, 156 F.3d at 107). Lenfest did not file immediately but instead dragged his feet in complying with the Court's ruling, and with his contractual obligation to arbitrate his claims, for an extended period of time. Such untimely conduct should not be condoned.

III. **Motion for Leave to File Bill of Costs**

Verizon also argues that, as the prevailing party, it is entitled to recover its costs in defending the case.

Fed. R. Civ. P. 54(d)(1) states that "costs—other than attorney's fees—should be allowed to the prevailing party." Multiple courts have held that a defendant is a prevailing party entitled to recover its costs when the plaintiff dismisses its case against the defendant with prejudice. See, e.g., Cantrell v. Int'l Bhd. of Elec. Workers, 69 F.3d 456, 456 (10th Cir. 1995); Zenith Ins. Co. v. Breslaw, 108 F.3d 205, 207 (9th Cir. 1997). That is because a dismissal with prejudice is tantamount to a judgment on the merits. Schwarz v. Folloder, 767 F.2d 125, 130 (5th Cir. 1985).

The First Circuit has noted that voluntary dismissals are often conditioned on payment of the defendant's costs. P.R. Maritime Shipping Auth. V. Leith, 668 F.2d 46, 51 (1st Cir. 1981). Imposing such costs on Lenfest is appropriate in this circumstance. Verizon was successful in compelling arbitration as to all of Lenfest's claims. Lenfest then chose voluntarily to dismiss the entire case with prejudice. Verizon is therefore the prevailing party entitled to recover its costs associated with the action.

**ORDER**

For the foregoing reasons:

1) Verizon's motion to strike and for leave to file a bill of costs (Docket No. 20) is, to the extent it seeks leave to file a bill of costs, **ALLOWED** but, to the extent it seeks to strike language from plaintiff's notice of voluntary dismissal, **DENIED**.

2) Defendant may file its bill of costs within 14 days after the date of this Order.

3) Pursuant to plaintiff's notice of voluntary dismissal, this case is **DISMISSED with prejudice.**

**So ordered.**

                                    /s/ Nathaniel M. Gorton
                                    Nathaniel M. Gorton
                                    United States District Judge

Dated March 4, 2015